**RECORD NO. 15-4317**

# IN THE

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DAMIEN RILEY,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

(The Honorable William D. Quarles, Jr., U.S. District Court Judge)

**OPENING BRIEF OF APPELLANT
DAMIEN RILEY**

Julie M. Reamy
JULIE M. REAMY,
ATTORNEY AT LAW, LLC
One South Street, Suite 2125
Baltimore, Maryland 21202
(410) 605-0000 Telephone
(410) 697-4006 Facsimile
reamy@mdlitigator.com

*Counsel for Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ........................................................... 1

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION..... 1

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW .............................. 1

STATEMENT OF THE CASE............................................................... 1

SUMMARY OF THE ARGUMENT ...................................................... 3

Standard of Review ....................................................................... 5

ARGUMENTS ................................................................................ 5

I.  IN LIGHT OF THE SUPREME COURT'S RULING IN JOHNSON
    v. UNITED STATES, 135 S. CT. 2551 (2015), THE DISTRICT
    COURT'S IMPOSITION OF AN ENHANCED SENTENCED
    PURSUANT TO THE CAREER OFFENDER PROVISIONS OF
    THE UNITED STATES SENTENCING GUIDELINES IS
    UNCONSTITUTIONAL............................................................... 5

    a.  MARYLAND ROBBERY IS NOT A CRIME OF VIOLENCE
        UNDER § 4B1.2(a)(1) OF THE SENTENCING GUIDELINES ... 13

    b.  MARYLAND ROBBERY WITH A DANGEROUS WEAPON
        IS NOT A CRIME OF VIOLENCE UNDER § 4B1.2(a)(1) OF
        THE SENTENCING GUIDELINES................................................ 17

CONCLUSION .............................................................................. 19

STATEMENT REGARDING ORAL ARGUMENT ............................................ 20

CERTIFICATE OF COMPLIANCE...................................................... 21

CERTIFICATE OF SERVICE ............................................................ 22

i

# TABLE OF AUTHORITIES

## CASES

*Begay v. United States*,
    553 U.S. 137 (2008) ........................................................................11

*Coles v. State*,
    821 A.2d 389 (Md. 2002) ..........................................................13, 15

*Conyers v. State*,
    345 Md. 525 (1997) ........................................................................17

*Darby v. State*,
    239 A.2d 584 (1968) ........................................................................13

*Descamps v. United States*,
    133 S. Ct. 2276 (2013) ....................................................................11

*Douglas v. State*,
    267 A.2d 291 (Md. Ct. Spec. App. 1970) .......................................14

*Facon v. State*,
    796 A.2d 101 (Md. Ct. Spec. App. 2002) *rev'd on other grounds*, 825
    A.2d 1096 (Md. 2003) .....................................................................15

*Giles v. State*,
    261 A.2d 806 (Md. Ct. Spec. App. 1970) ....................13, 15, 16, 18

*Johnson v. United States*,
    130 S. Ct. 1265 (2010) .........................................................12, 13, 16

*Johnson v. United States*,
    135 S. Ct. 2551 (June 26, 2015) ...........................................1, 3, 5, 7

*Parral-Dominguez*,
    794 F.3d at 444 ...............................................................................15

*Taylor v. United States*,
    495 U.S. 575 (1990) ........................................................................11

*Teixeira v. State*,
    213 Md. App. 664 (2013) ................................................................................17

*United States v. Allen*,
    446 F.3d 522 (4th Cir. 2006) .........................................................................5

*United States v. Aparicio-Soria*,
    740 F.3d 152 (4th Cir. 2014) .........................................................................5

*United States v. Cabrera-Umanzor*,
    728 F.3d 347 (4th Cir. 2013) .......................................................................11

*United States v. Carthorne*,
    726 F.3d 503 (4th Cir. 2013) .........................................................................8

*United States v. Clay*,
    627 F.3d 959 (4th Cir. 2010) .........................................................................8

*United States v. Coulter*,
    14-4271 (4th Cir. Sept. 28, 2015) ................................................................16

*United States v. Darden*,
    605 Fed. Appx. 545, 546 (6th Cir. 2015) .....................................................10

*United States v. Fuertes,*
    ___F.3d ___, ___, No. 13-4755, 2015 WL. 4910113 (4th Cir. Aug. 18,
    2015) ..............................................................................................................9

*United States v. Goodwin, ____ Federal Appx. ___,*
    No. 13-1466, 2015 WL. 5167789 (10th Cir. Sept. 4, 2015)...........................10

*United States v. Litzy,*
    ____ F.3d S 2015 WL. 5895199 (S.D. West Virginia, October 8, 2015) ...9, 15

*United States v. Louis Martin,*
    No. 14-4779 (4th Cir. Sept. 14, 2015) .........................................................16

*United States v. Montes-Flores*,
    736 F.3d 357 (4th Cir. 2013) ....................................................................8, 11

*United States v. Parral-Dominguez*,
  749 F.3d 440 (4th Cir. 2015) ........................................................14

*United States v. Patterson*,
  2015 WL. 5675110 (N.D. Ohio, September 25, 2015) ...................18

*United States v. Royal*,
  731 F.3d 333 (4th Cir. 2013) ........................................................11

*United States v. Shell*,
  789 F.3d 335 (4th Cir. 2015) ..........................................................7

*United States v. Smith*,
  No. 14-0501, 2015 WL 5136871 (D. Md. Aug. 31, 2015)............10

*United States v. Torres-Miguel*,
  701 F.3d 165 (4th Cir. 2012) ..................................................11, 12

## STATUTES

18 U.S.C. § 922(g)(1).......................................................................2
18 U.S.C. § 924 (e)...........................................................................6
18 U.S.C. § 924(e)(1).......................................................................6
18 U.S.C. § 924(e)(2)(B)...................................................................6
18 U.S.C. § 924(e)(2)(B)(i)..............................................................12
18 U.S.C. § 924(e)(2)(B)(ii) ..............................................................7
18 U.S.C. § 3231...............................................................................1
21 U.S.C. § 841.................................................................................1
21 U.S.C. § 841(a)(1).........................................................................1
21 U.S.C. § 856 (a) ...........................................................................2
28 U.S.C. § 1291...............................................................................1

MD Code, Crim. Law § 3-401 ........................................................17
MD Code, Crim. Law § 3-402 ...................................................13, 17
MD Code, Crim. Law § 3-403 ........................................................17

## UNITED STATES SENTENCING GUIDELINES

U.S.S.G. § 4B1.1...............................................................................5
U.S.S.G. § 4B1.1(a) ..........................................................................6

iv

U.S.S.G. § 4B1.2..............................................................................6, 7, 9, 10, 16
U.S.S.G. § 4B1.2(a)(1).................................................................................17
U.S.S.G. § 4B1.2(a)(2)........................................................................3, 9, 10, 11
U.S.S.G. § 2L1.2(b)(1)(A)(ii) ......................................................................14

## PRELIMINARY STATEMENT

In this opening brief, Appellant, Damien Riley, is "Riley," and

Appellee, the United States, is "the Government."

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Appellant, Damien Riley, was convicted by a jury in the United States

District Court for the District of Maryland of four counts of possession with

intent to distribute a controlled substance in violation of 21 U.S.C. § 841.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and this

Court has jurisdiction on appeal pursuant to 28 U.S.C. § 1291, following

entry of the district court's final judgment on May 28, 2015, and a timely

notice of appealed filed on June, 3, 2015.

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

1.    Whether the district court properly sentenced appellant as a career
offender in light of the Supreme Court's decision in *Johnson v. United
States*, 135 S. Ct. 2551 (June 26, 2015)?

## STATEMENT OF THE CASE

### *Procedural History*

On November 25, 2014, the Government filed a second superseding

indictment charging Riley with four counts of possession with intent to

distribute heroin and one count of possession of with intent to distribute

cocaine, all in violation of 21 U.S.C. 841(a)(1); one count of felon in

1

possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); and one count of maintaining a drug involved premises in violation of 21 U.S.C. § 856 (a). (J.A. 14-16(E)).

On January 29, 2015, a jury convicted Riley of all four counts of possession of with intent to distribute a controlled substance; the jury did not reach a verdict on the remaining counts, which were ultimately dismissed by the Government. (J.A. 12, 43).

<u>*Offense Conduct*</u>

On August 13, 2013, Riley sold 1.66 grams of heroin to an undercover law enforcement officer in exchange for $400.00 in official law enforcement funds.  On August 19, 2013, Riley sold 4.1 grams of heroin to the same law enforcement officer in exchange for $550.00 in law enforcement funds.  On September 4, 2013, Riley sold 3.99 grams of heroin and 1.16 grams of cocaine to the same law enforcement officer in exchange for $600.00 in law enforcement funds.  (J.A. 54-55, ¶¶ 8 – 10).

<u>*Sentencing*</u>

On May 28, 2015, Riley was sentenced in the district court. Initially, he was deemed to have a criminal history category of IV and an adjusted offense level of 12, with a guidelines range of 21 – 27 months. (J.A. 55, 59). However, the U.S. Probation Office designated Riley as a career offender

based upon his two prior convictions in Maryland state court: (1) 1999 - robbery deadly weapon, and (2) 2002 - distribution of a controlled dangerous substance. (J.A. 56-57, 60). Upon application of the career offender guideline, the resulting guidelines range rose to a level of 210 - 262 months. (J.A. 68, 71-72).

The district court adopted the recommendations made in the pre-sentence report and designated Riley as a career offender pursuant to United States Sentencing Guidelines (U.S.S.G.) §4B1.1. (J.A. 71). The district court sentenced Riley to a term of 210 months on each count, to be served concurrent to each other, followed by 3 years of supervised release. (J.A. 44). On June 3, 2015, Riley noted this appeal. (J.A. 49-50).

## SUMMARY OF THE ARGUMENT

The United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the "residual clause" of the ACCA to be unconstitutionally void for vagueness in all applications, also invalidates the identical "residual clause" of § 4B1.2(a)(2) under the career offender guideline because the two are substantively identical in definition. With the "residual clause" of the career offender enhancement provision invalidated, the only way in which a prior offense may qualify as a "crime of

violence" is if it is either an enumerated crime or falls with in the remaining "force" clause of the guideline.

Riley has two prior Maryland convictions that were used to qualify him as a career offender and subject him to a sentencing enhancement: (1) felony drug offense and (2) robbery with a dangerous weapon.  While Riley's prior felony drug offense does serve as a predicate offense, his conviction for robbery with a dangerous weapon does not qualify for two reasons.  First, it is not an enumerated crime.  Second, both robbery and its aggravated form – robbery with a dangerous weapon – categorically fail to qualify as a "crime of violence" under the "force clause" of § 4B1.2(a)(1).  Robbery fails to qualify as a crime of violence because (a) it can be accomplished by the use or threatened use of force against *property*, totally absent of any force *against the person* as required by the plain language of the "force" clause and (b) it can be accomplished by the use of only *de minimus* force.

Robbery with a dangerous weapon is not a separate substantive crime from robbery, but rather serves only to provide for an enhanced sentence if a dangerous weapon was used.  Like the general robbery offense, robbery with a dangerous weapon can be committed by the use or threatened use of force

4

against *property* and not the person and therefore, also categorically fails to qualify as a "crime of violence" under 4B1.2(a)(1).

### *Standard of Review*

A trial court's legal conclusions are reviewed *de novo*. *United States v. Allen*, 446 F.3d 522 (4th Cir. 2006). Whether a prior conviction qualifies as a "crime of violence" for purposes of a sentencing enhancement is reviewed *de novo*. See *United States v. Aparicio-Soria*, 740 F.3d 152, 154 (4th Cir. 2014).

### ARGUMENT

**I. IN LIGHT OF THE SUPREME COURT'S RULING IN *JOHNSON v. UNITED STATES*, 135 S. CT. 2551 (2015), THE DISTRICT COURT'S IMPOSITION OF AN ENHANCED SENTENCED PURSUANT TO THE CAREER OFFENDER PROVISIONS OF THE UNITED STATES SENTENCING GUIDELINES IS UNCONSTITUTIONAL.**

The United States Sentencing Guidelines provide for an enhanced sentence in the event that a defendant is classified as a "Career Offender." U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (U.S. SENTENCING COMM'N 2004). Pursuant to § 4B1.1 of the United States Sentencing Guidelines, a "career offender" is a defendant who (1) "was at least 18 years old at the time the instant offense was committed;" (2) whose "instant offense of conviction is a felony that is either a crime of violence or a

5

controlled substance offense;" and (3) "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

Section 4B1.2 defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

Similarly, the Armed Career Offender Act of 1984 (ACCA), codified in 18 U.S.C. § 924 (e), provides for an enhanced sentence for a defendant convicted of being a felon in possession of firearm who has "three previous convictions...for a violent felony or a serious drug offense, or both, committed on occasions different from one another..." 18 U.S.C. § 924(e)(1). Comparable to § 4B1.2 of the Guidelines, § 924 (e)(2)(B) defines "violent felony" as follows:

> (B)  the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year... that –
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

6

(ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another...

Both the ACCA and § 4B1.2 can be broken into three parts: a "force" clause; an "enumerated" clause; and a "residual" clause. *See United States v. Shell*, 789 F.3d 335, 341 (4th Cir. 2015).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held the ACCA's "residual clause," (18 U.S.C. § 924(e)(2)(B)(ii) - "...otherwise involves conduct that presents a serious potential risk of physical injury to another...") to be unconstitutional and void for vagueness in all applications. *Id.* at 2557.

In reaching this conclusion, the *Johnson* Court explained that "[t]he Fifth Amendment provides that '[n]o person shall...be deprived of life, liberty, or property, without due process of law,'" *Id.* at 2556. "The prohibition of vagueness in criminal statutes is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law, and a statute that flouts it violates the first essential of due process." *Id.* at 2556-57 (internal quotation marks and citations omitted). Consequently, "the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so

standardless that it invites arbitrary enforcement." *Id.* at 2556-57 (citation omitted). "These principles," the Court said, "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557.

In its decision to invalidate the residual clause of the ACCA, the *Johnson* Court identified "[t]wo features of the residual clause [that] conspire to make it unconstitutional." *Id.* First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime." *Id.* Second, it "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. Therefore, as the Court ruled, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563.

The Fourth Circuit has said that the terms "crime of violence" under the Guidelines and "violent felony" under the ACCA are evaluated interchangeably because the two terms are "substantively identical" in definition. *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013); *United States v. Carthorne*, 726 F.3d 503, 511, n. 6 (4th Cir. 2013); *United States v. Clay*, 627 F.3d 959, 965 (4th Cir. 2010). Therefore, it

8

logically follows that, in light of *Johnson*, the residual clause contained in §

4B1.2 of the Guidelines is also unconstitutional.

While the Fourth Circuit has yet to decide whether *Johnson* applies to

§ 4B1.2(a)(2), many courts have ruled that it does.  For example, the U.S.

District Court for the Southern District of West Virginia reached this

conclusion in *United States v. Litzy*, ____ F.3rd Supp. ____, 2015 WL

5895199. ("After careful analysis, this Court rules that *Johnson's* holding

applies to the Guidelines career offender enhancement, and therefore, the

residual clause of § 4B1.2(a)(2) is unconstitutionally vague.")

 In *Litzy*, the district court based its ruling on two grounds: First, it

recognized that "the residual clause in the career offender enhancement is

identical to the residual clause in the ACCA," noting that "[t]he Sentencing

Commission adopted verbatim the residual clause of the ACCA."  *Id.* at 6

(citing *United States v. Fuertes*, ___F.3d ___, ___, No. 13-4755, 2015 WL

4910113, at n. 7 (4th Cir. Aug. 18, 2015).  Second, the court found that,

because the language of the clauses is identical, they are equally flawed and

that "the same vagueness concerns addressed by the *Johnson* Court persist

with the residual clause of the career offender enhancement." *Id.*

This Court should adopt the sound reasoning of the district court in

*Litzy* and find that *Johnson* applies to the career offender guideline.  Other

Circuits have reached the same conclusion. See *United States v. Goodwin*, ____ Fed. Appx. ___, No. 13-1466, 2015 WL 5167789, at 3 (10th Cir. Sept. 4, 2015) (holding district court erred by using § 4B1.2(a)(2)'s residual clause to enhance sentence because it is "essentially identical" to the ACCA's unconstitutionally vague residual clause); *United States v. Darden*, 605 Fed. Appx. 545, 546 (6th Cir. 2015) (holding defendant could not receive enhanced sentence under residual clause of § 4B1.2(a)(2) because of *Johnson*); *United States v. Smith*, No. 14-0501, 2015 WL 5136871, at 2 (D. Md. Aug. 31, 2015) (ruling that due to *Johnson*, the Government could not rely on the residual clause of § 4B1.2(a)(2) in proving assault with a deadly weapon constituted a crime of violence.).

In the wake of *Johnson*, the only way in which a prior offense may qualify as a "violent felony" under the ACCA is if it is either an enumerated crime or falls within the statute's "force" clause.  Because the definitional language of the ACCA and the career offender guidelines are virtually identical, it necessarily follows that the same is true for a prior conviction to qualify as a "crime of violence" under § 4B1.2 of the Guidelines.

In the instant case, Riley had two prior convictions that were used to qualify him as a career offender: (1) a felony drug offense and (2) robbery with a dangerous weapon.  While the felony drug conviction undisputedly

serves as a qualifying predicate, Riley contends that robbery with a deadly weapon does not qualify for two reasons. First, it is not an enumerated crime under § 4B1.2(a)(2). Second, it fails to qualify under the force clause of 4B1.2(a)(1).

In order to determine whether a prior conviction qualifies as a "violent felony" under the ACCA's "force" clause, courts must employ a categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276 (2013); *United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2013). The same approach is used in determining whether a prior conviction will qualify as a "crime of violence" and trigger a sentencing enhancement under the identical "force" clause of the Sentencing Guidelines. *See United States v. Montes-Flores*, 736 F.3d 357, 364 (4th Cir. 2013). This means that, in either case, the court will look "only to the fact of conviction and the statutory definition of the prior offense." *Montes-Flores* at 364 (citing *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013)(quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)). The focus of the inquiry is "on the *elements* of the prior offense rather than the *conduct* underlying the conviction." *Id.* at 364 (emphasis in original); *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012); *see also Begay v. United States*, 553 U.S. 137, 141 (2008) ("In determining whether [a] crime is a violent felony, we consider

11

the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." ).

Under the categorical approach, a prior offense can only qualify as a "violent felony" (in an ACCA analysis) if all of the criminal conduct covered by a statute – "including the most innocent conduct" – matches or is narrower than the "violent felony" definition. *Torres-Miguel*, 701 F.3d at 167. Therefore, if the most innocent conduct penalized by a statute does not constitute a "violent felony," then the statute categorically fails to qualify as a "violent felony" under the ACCA, and likewise, the career offender guidelines.

The force clauses of both the ACCA (18 U.S.C. § 924(e)(2)(B)(i)) and the career offender guideline (§ 4B1.2(a)(1)) state that for an offense to qualify as a "violent felony"/ "crime of violence," the offense must have as an element "the use, attempted use, or threatened use of physical force against the person of another." As the Supreme Court explained in *Johnson v. United States*, 130 S. Ct. 1265 (2010), "physical force" means "*violent* force" – that is, "strong physical force," which is "capable of causing physical pain or injury to another person." *Id.* at 1271 (emphasis in original).

### a. MARYLAND ROBBERY IS NOT A CRIME OF VIOLENCE UNDER § 4B1.2(a)(1) OF THE SENTENCING GUIDELINES.

Maryland robbery is a crime under the common law that is not defined by statute, but the penalty for which is fixed by statute. *Darby v. State*, 239 A.2d 584, 588 (1968); *see also* MD Code, Crim. Law § 3-402. Therefore, the offense retains its common law meaning and has been judicially defined as "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence or by putting him in fear." *Id.*; *Coles v. State*, 821 A.2d 389, 394 (Md. 2002). Pursuant to this definition, Maryland robbery can be accomplished either by the "application of physical force" or "by the intimidation or putting in fear of the victim." *Giles v. State*, 261 A.2d 806, 807 (Md. Ct. Spec. App. 1970).

Maryland robbery does not meet the definition of "violent felony" under the ACCA or "crime of violence" under the career offender guideline because neither means of committing the offense require actual violent force, *i.e.*, strong physical force against the person. *See Johnson*, 130 S. Ct. at 1267. First, Maryland robbery can be accomplished by putting someone in fear of injury – not to his person – but to his *property*. In *Giles v. State*, the Maryland Court of Special Appeals held that "the fear may be of injury to the person *or to property, as for example, a threat to burn down a house*." *Giles*, 261 A.2d at 807. Further, the Court, in *Giles*, noted that a robbery can

13

be accomplished when one "threatens to accuse another of an unnatural crime, sodomy, and thereby obtains property from him." 267 A.2d at 808 n. 1. In *Douglas v. State*, 267 A.2d 291, 295 (Md. Ct. Spec. App. 1970), the Court reiterated that fear of injury to the person is unnecessary to sustain a conviction for robbery and said, "That the fear be of great bodily harm is not requisite. Nor need the fear be of bodily injury at all. The fear may be of injury to the person or to property, as for example, a threat to burn down a house." *Id.* (quoting *Giles*, 267 A.2d at 807). The fact that a robbery can be committed in Maryland by making a threat against property, totally absent of the use or threatened use of any force against the person of another as required by the identical force clauses of the ACCA and § 4B1.2, automatically disqualifies it from qualifying as a "violent felony" or "crime of violence."

The Fourth Circuit, in *United States v. Parral-Dominguez*, 749 F.3d 440 (4th Cir. 2015), recently held that a prior conviction under North Carolina law for discharging a firearm into an occupied building did not constitute a "crime of violence" under the force clause of U.S.S.G. § 2L1.2(b)(1)(A)(ii) – which is also identical to the ACCA's "force" clause. The Court reasoned that the offense could not qualify as a "crime of violence" under § 2L1.2's force clause because it did not require force

14

against the person, but rather merely force against property. *Parral-Dominguez*, 794 F.3d at 444. Importantly, the Court pointed out that, "by its plain language, the use-of-force clause [of 2L1.2] does not encompass acts involving the use of force against property." *Id.* See also *United States v. Litzy*, ____ F.3d Supp. ____ 2015 WL 5895199 (S.D. West Virginia, October 8, 2015) (Ohio robbery cannot qualify under the U.S. Sentencing Guidelines career offender enhancement as a predicate conviction for a crime of violence because it includes compulsion and exertion against "a thing" instead of physical injury to a person. *Id.* at 5.

The second reason Maryland robbery does not qualify as a "crime of violence" is that it can be committed by the use of only *de minimus* force, *i.e.*, an offensive touching or threat of an offensive touching. See *Facon v. State*, 796 A.2d 101, 119 (Md. Ct. Spec. App. 2002) *rev'd on other grounds*, 825 A.2d 1096 (Md. 2003) ("In any event, the degree of force necessary to constitute robbery is immaterial, so long as it is sufficient to compel the victim to part with his property.")(internal citation omitted). In *Coles v. State*, 821 A.2d at 396 (Md. 2003) the Court of Appeals held that when "intimidation or putting in fear" is the "gravamen" of the robbery, this can be accomplished by "[a]ny attempt to apply the least force to the person of another." *Id.* (citation omitted). And in *Giles*, 261 A.2d at 807, the Court of

15

Appeals held that a robbery can be accomplished with enough force to overcome the resistance of a victim "however slight," for example, by "rudely push[ing] him about, for the purpose of diverting his attention...and thus take the property from his person." *Id.* It is clear that Maryland Law does not require "violent force," *i.e.*, "strong physical force" that is "capable of causing physical pain or injury to another person," *Johnson*, 130 S. Ct. at 1271, and therefore, categorically fails to qualify as a "crime of violence" under § 4B1.2(a)(1).

Further, the Government has conceded that Maryland robbery fails to qualify as a "crime of violence" under the career offender guideline or as a "violent felony" under the ACCA. *See* Supplemental Brief of Appellee in *U.S. v. Coulter*, 14-4271 (4th Cir. Sept. 28, 2015) ("The government concedes that the defendant's conviction for common law "simple" robbery under Maryland law does not qualify as a "crime of violence" within the meaning of U.S.S.G. § 4B1.2."); Br. Of Appellee, at 73, *United States v. Louis Martin*, No. 14-4779 (4th Cir. Sept. 14, 2015) ("In light of [*Johnson*], and the government's analysis of Maryland's interpretation of its crime of common law robbery, the government agrees that the defendant's earlier robbery conviction...does not qualify as a "violent felony" for purposes of the Armed Career Criminal Act.").

16

### b. MARYLAND ROBBERY WITH A DANGEROUS WEAPON IS NOT A CRIME OF VIOLENCE UNDER § 4B1.2(a)(1) OF THE SENTENCING GUIDELINES.

The fact that a robbery was committed with a "dangerous weapon" is immaterial to the analysis. Under Maryland Law, armed robbery is codified as "robbery with a dangerous weapon" pursuant to MD Code, Crim. Law § 3-403, which provides:

> (a) A person may not commit or attempt to commit robbery under § 3-402 of this subtitle:
>
> (1) with a dangerous weapon; or
>
> (2) by displaying a written instrument claiming that the person has possession of a dangerous weapon.

The statute incorporates § 3-402 (Robbery), which as stated above, does not define the offense other than to state that it retains its common law (or judicially determined) meaning. See § 3-401(e) MD Code, Crim Law.

It is well established in Maryland that "[r]obbery with a deadly weapon is not a separate substantive offense, but if the State can prove that a defendant used a deadly weapon during the commission of the robbery, the defendant is subject to harsher penalties." *Conyers v. State*, 345 Md. 525, 558 (1997); see also *Teixeira v. State*, 213 Md. App. 664, 682 (2013) (affirming *Conyers* and noting that to be convicted of armed robbery in Maryland, one only has to commit simple robbery using any

17

"object...capable of causing death or serious bodily harm."). As discussed above, Maryland court's have squarely held, as in *Giles*, 261 A.2d at 807, that a robbery can be accomplished by using a dangerous weapon to obtain property by threatening to harm only the person's *property*. Therefore, one could obtain property from another by threatening to burn down a house, blow up a car, shoot out windows, or even bludgeon a person's pet dog – all of which would direct harm or the fear of harm to *property* and *not the person*, as the plain language of § 4B1.2(a)(1)'s force clause clearly requires. See *United States v. Patterson*, 2015 WL 5675110 (N.D. Ohio, September 25, 2015) (holding that Ohio robbery with a dangerous weapon does not qualify as a "crime of violence" because it can be accomplished with use of force against an object – i.e., property.).

For all of the above stated reasons, Riley's prior Maryland conviction for robbery with a dangerous weapon cannot qualify as a "crime of violence" under § 4B1.2(a)(1) of the Guidelines, and his sentence, which was imposed pursuant to his classification as a career offender, is unconstitutional. The 210 month sentence imposed upon Riley was the bottom of the career offender guideline range applied in his case, and this Court cannot be certain that the district court would have imposed the same

sentence absent the career offender designation. Therefore, this Court should remand the case for re-sentencing by the district court.

## CONCLUSION

Wherefore, appellant requests that this Court vacate the judgment of the district court and remand for a new sentencing hearing.

Respectfully submitted,


_____/s/_____
Julie M. Reamy
Counsel for Appellant

JULIE M. REAMY | Attorney At Law, LLC
One South Street, Suite 2125
Baltimore, Maryland 21202
(410) 605-0000  Telephone
(410) 697-4006  Facsimile
reamy@mdlitigator.com

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument due to the importance of the issue presented.

JULIE M. REAMY | Attorney At Law, LLC
One South Street, Suite 2125
Baltimore, Maryland 21202
(410) 605-0000  Telephone
(410) 697-4006  Facsimile
reamy@mdlitigator.com

## CERTIFICATE OF COMPLIANCE

Undersigned counsel hereby certifies that brief complies with Federal Rules of Appellate Procedure 28(a) and 32(a)(5) as follows:

This brief has been prepared in Microsoft Word format, Times New Roman Font, 14 Point, and contains 4086 words.

November 30, 2015.


_____/s/_____
Julie M. Reamy
JULIE M. REAMY | Attorney At Law, LLC
One South Street, Suite 2125
Baltimore, Maryland 21202
(410) 605-0000  Telephone
(410) 697-4006  Facsimile
reamy@mdlitigator.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November 2015, the required number of briefs have been filed in the United States Court of Appeals for the Fourth Circuit, by hand delivery and electronic filing using the Court's CM/ECF system which will notify all counsel of such filing as follows:

Henry Brandis Marsh, Jr.
Special Assistant U.S. Attorney
OFFICE OF THE UNITED STATES ATTORNEY
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
Brandis.marsh@usdoj.gov


_____/s/_____
Julie M. Reamy
JULIE M. REAMY | Attorney At Law, LLC
One South Street, Suite 2125
Baltimore, Maryland 21202
(410) 605-0000  Telephone
(410) 697-4006  Facsimile
reamy@mdlitigator.com